IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANK G. CÁTALA-VÉLEZ,

    Plaintiff,

        v.                              CIVIL NO.: 12-1923 (MEL)

METRO SANTURCE, INC.,
  d/b/a HOSPITAL PAVÍA SANTURCE, et al.,

    Defendants.

**OPINION AND ORDER**

Pending before the court is a motion to dismiss for lack of subject-matter jurisdiction, filed by defendant Dr. Ileana Rivera Artés ("defendant"). (D.E. 39). The alleged basis for federal jurisdiction in the instant case is diversity under 28 U.S.C. § 1332. (See D.E. 6). Plaintiff has filed a response to said motion. (D.E. 47).

When considering a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure,[1] the court may "consider materials outside the pleadings" without "convert[ing] it to a Rule 56 motion." González v. United States, 284 F.3d 281, 288 (1st Cir. 2002). As exhibits to her motion, defendant provides documentation that she is a resident of Florida. (D.E. 39-1 to -4). Complete diversity is absent with "'the presence in the action of a single plaintiff from the same State as a single defendant.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 21 (1st Cir. 2008) (quoting Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)). The inclusion of defendant in the instant litigation prevents the existence of complete diversity, as both she and plaintiff are residents of Florida. Because "[t]he statutory grant of federal jurisdiction in diversity cases … requires *complete* diversity between the plaintiffs and

---

[1] Rule 12(b)(1) governs requests for dismissal on the basis of lack of subject-matter jurisdiction.

defendants in an action," id. at 17 (emphasis in original), defendant contends that the complaint must be dismissed "in its entirety," (D.E. 39, ¶ 20).

Plaintiff concedes that defendant was also a resident of Florida at the time of the filing of the complaint and, thus, there is no diversity jurisdiction if defendant remains as a party. (D.E. 47, at 2). Nevertheless, plaintiff requests dismissal of defendant as a party under Rule 21 of the Federal Rules of Civil Procedure, rather than dismissal of the entire complaint. Pursuant to Rule 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Thus, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time …." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). This analysis, therefore, "turns on whether or not a party is dispensable or indispensable to the instant suit." Flores v. Wyndham Grand Resort, 873 F. Supp. 2d 444, 449 (D.P.R. 2012). At no point in the pending motion does defendant argue that she is a necessary or indispensable party to the instant case. Defendant has not asserted that "disposing of the action in [her] absence may … impair or impede [her] ability to protect [her] interest" in "the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). Moreover, "[i]t has indeed long been established that joint tortfeasors are not indispensable parties."[2] Del Rosario-Ortega v. Star-Kist Caribe, Inc., 130 F. Supp. 2d 277, 284 (D.P.R. 2001) (citing Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990)). As such, defendant may be dropped as a party in the instant case.

Defendant's motion to dismiss (D.E. 39) is **GRANTED IN PART** and **DENIED IN PART**. The amended complaint (D.E. 6) is **DISMISSED WITHOUT PREJUDICE** only with

---

[2] "Solidarity exists when several people take part or cooperate in causing a wrong." Serrano Strubbe v. Hernandez Plana, Civ. No. 99-1056 (JAG), 2002 WL 32006329, at *10 (D.P.R. July 2, 2002). Thus, "physicians may be held jointly and solidarily liable for their multiple acts, omissions and events that combined to cause them, although their actions are not contemporary, but consecutive." Id. (citing Riley v. Rodríguez-de Pacheco, 119 D.P.R. 762, 806–07, 19 P.R. Offic. Trans. 806, 851–52 (1987); Cruz v. Centro Médico de Puerto Rico, 113 D.P.R. 719, 744–45, 13 P.R. Offic. Trans. 931, 960–62 (1983)).

respect to defendant Dr. Ileana Rivera Artés. No costs, expenses, or attorney's fees shall be imposed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of April, 2013.

s/Marcos E. López  
U.S. Magistrate Judge