IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANK G. CÁTALA-VÉLEZ,<br><br>      Plaintiff,<br><br>      v.<br><br>METRO SANTURCE, INC.,<br>d/b/a HOSPITAL PAVÍA SANTURCE, et al.,<br><br>      Defendants. | CIVIL NO. 12-1923 (MEL) |
| IVELISSE VÉLEZ, individually and in representation of her minor daughter M.C.V.,<br><br>      Plaintiffs,<br><br>      v.<br><br>ILEANA RIVERA-ARTES,<br><br>      Defendant. | CIVIL NO. 13-1198 (MEL) |

**ORDER**

Having taken into account the order entered on May 10, 2013, in Civil No. 13-1198 (D.E. 10), plaintiffs' request to consolidate both cases of caption is hereby **GRANTED**. (D.E. 58 in Civ. No. 12-1923). At the initial scheduling conference in Civil No. 12-1923, an objection was raised that consolidation would destroy complete diversity. The court, however, does not find this argument to be persuasive. See In re iBasis, Inc. Derivative Litig., 551 F. Supp. 2d 122, 125 (D. Mass. 2008) ("Courts have recognized that analysis of diversity jurisdiction remains separate for cases even after they have been consolidated."); see also Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire, 173 F.3d 909, 913 (3d Cir. 1999) (holding that complete

diversity existed "even after consolidation"); <u>Chaara v. Intel Corp.</u>, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005) (noting that "[a]lmost all cases concerning consolidation have determined that separately filed cases retain their separate characters despite consolidation" and that the Fifth and Tenth Circuits in particular had "indicated … that consolidated cases should be treated separately for the purpose of determining jurisdiction"), <u>aff'd,</u> 245 F. App'x 784 (10th Cir. 2007).

Concerns were also raised at the initial scheduling conference regarding potential confusion to jurors by holding a single trial.  This concern, however, can adequately be taken care of with proper preliminary and final jury instructions and a clear verdict form.  Regarding any claims of potential prejudice in having both cases seen jointly at trial, such arguments need to be developed with more specificity.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of May, 2013.

<u>s/Marcos E. López</u>
U.S. Magistrate Judge
