IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANK G. CÁTALA VÉLEZ, | |
| Plaintiff, | |
| v. | CIVIL NO.: 12-1923 (MEL) |
| METRO SANTURCE, INC., et al., | |
| Defendants. | |

OPINION AND ORDER

Pending before the court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), filed by defendant Dr. Aida L. Blasini Torres ("Dr. Blasini" or "defendant"). (D.E. 31). Plaintiff filed a response in opposition to the pending motion. (D.E. 38). For the reasons set forth below, defendant's motion is denied.

Defendant argues under Rule 12(b)(6) that the allegations against him are insufficient to support a claim of medical malpractice. When considering a motion to dismiss under Federal Rule 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). The inquiry is whether the allegations, accepted as true, show "a plausible entitlement" to the relief requested. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). To avoid dismissal, a plaintiff must "set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

Determining whether a complaint makes out a plausible entitlement to relief involves two steps. See Ocasio Hernández v. Fortuño Burset, 640 F.3d 1, 11-12 (1st Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). First, the court should separate a complaint's

factual allegations from any "legal conclusions couched as fact or threadbare recitals of the elements of a cause of action," and disregard the latter. Id. at 12 (quoting Iqbal, 556 U.S. at 678) (internal quotations omitted). The court then treats non-conclusory factual allegations as true, "even if seemingly incredible." Id. Second, the court must determine if the factual content, taken as a whole, admits of "the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). Only if it does will the complaint survive a motion to dismiss under Rule 12(b)(6).

Because jurisdiction in this case is based on 28 U.S.C. § 1332 diversity of citizenship, state law provides the relevant substantive law. Under Puerto Rico law, three elements comprise the prima facie case for medical malpractice: "the duty owed, the occurrence of an act or omission constituting a breach of that duty, and a sufficient causal nexus between the breach and some resultant harm." Martínez Serrano v. Quality Health Servs. of P.R., Inc., 568 F.3d 278, 285 (1st Cir. 2009) (citing Rolón Alvarado v. Mun'y of San Juan, 1 F.3d 74, 77 (1st Cir. 1993)). Although the elements of a prima facie case can be "used as a prism to shed light upon the plausibility of the claim," a plaintiff does not have to plead facts sufficient to establish a prima facie case in her complaint. Rodríguez Reyes v. Molina Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013). Therefore the elements of the prima facie case are used here only as a framework in evaluating plaintiff's allegations, not as a determinative tool.

Although a significant portion of the complaint's allegations contain boilerplate and conclusory language, there are sufficient non-conclusory allegations to survive defendant's motion to dismiss. The complaint alleges that defendant evaluated and treated plaintiff's father in the emergency department of Pavía Hospital on December 10, 2011. (D.E. 6, ¶¶ 11, 34). Among the allegations made of Dr. Blasini and the other three named physicians is that

"[t]he…doctors that treated the patient failed to conduct an adequate physical examination and assessment of the patient's condition, including medication he was taking (Coumadin), which was causing the coagulopathy and bleeding, as demonstrated in the widespread bruising of his back, left leg and cyanotic tongue." (D.E. 6, ¶ 27). Additionally, the complaint alleges that "[d]efendant doctors negligently and carelessly failed to provide Frank Cátala, Sr. with proper attention and medical care despite the fact that patient Cátala, Sr. had a serious hemorrhage requiring emergency intervention, including immediate blood and/or plasma transfusions." (D.E. 6, ¶ 67). In Puerto Rico, a physician's duty owed to a patient is "[t]hat [level of care] which, recognizing modern means of communication and education, . . . meets the professional requirements generally acknowledged by the medical profession." Morales v. Monagas, 723 F. Supp. 2d 411, 415 (D.P.R. 2010) (quoting Lama v. Borras, 16 F.3d 473, 478 (1st Cir. 1994)). Defendant's motion correctly notes that the complaint does not indicate what the accepted standard of care is in Dr. Blasini's specialty (D.E. 31 at 11). Nevertheless, in determining the sufficiency of pleadings, reviewing courts are asked to "draw on [their] judicial experience and common sense." Ocasio Hernández, 640 F.3d at 17 (citing Sánchez v. Pereira Castillo, 590 F.3d 31, 50 (1st Cir. 2009)); Iqbal, 556 U.S. at 679. A reasonable inference can be drawn that a physician's duty to a patient in an emergency department includes assessing what medications have been taken that may contribute to the patient's symptoms. Similarly, a reasonable inference can be made that a physician's duty in treating an individual with "a serious hemorrhage requiring emergency intervention" may plausibly include such steps as immediate blood or plasma transfusions. (D.E. 6, ¶ 67). Even though no individual allegation establishes the duty of physicians in similar circumstances to Dr. Blasini, a reading of the complaint *in toto* points to

what that duty is; "[t]here need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action." Rodríguez Reyes, 711 F.3d at 55.

The facts alleged also set forth the breach of such a duty and establish a sufficient causal nexus between the breach and the resultant harm.  Alleging that the patient's death was because of defendant's failure to assess the medications taken (e.g., Coumadin) or to order timely blood or plasma transfusions is enough for this claim to cross from the realm of possibility to that of plausibility.

Time will tell whether the allegations against Dr. Blasini have merit, but it is improper to dismiss them at this juncture.  Because plaintiff has alleged specific facts that would "plausibly give rise to an entitlement to relief," Iqbal, 556 U.S. at 679, defendant's motion to dismiss (D.E. 31) is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of June, 2013.

s/Marcos E. López  
U.S. Magistrate Judge